## No. 955.

### THE STATE OF LOUISIANA VS. GEORGE ROBINSON.

'The objection to the ruling of the court refusing to quash the indictment and permitting the district attorney to amend it by |inserting after the words grand jurors " of the parish of Rapides," is not well founded. This amendment was not necessary, and the indictment was sufficiently explicit without it, because the name of the parish was stated in a previous part of the indictment, and it need not be repeated in every sentence thereof.

'The other objection relied upon is that the judge *a quo* refused to allow a witness, who had stated in behalf of the State an]admission of the accused to give all the conversation occurring at the time when cross-examined by the defendant's counsel. The defendant clearly had the right to draw from the witness all the conversation occurring at the time of the alleged admission made by him; but he has, however, no cause to complain, because, after the district attorney had objected and the court was called to rule on the point, the bill of exception shows the district attorney waived his objection. and the counsel for the accused was requested to interrogate the witness as desired. but he refused to do so, and declared he would not examine the witness further unless the point was ruled on by the judge. There was no cause for this objection.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *E. G. Hunter*, District Attorney, for plaintiff and appellee. *Robert P. Hunter*, for defendant and appellant.

WYLY, J. Defendant, who was convicted of the crime of petty larceny and sentenced to the Penitentiary for one year, appeals from the judgment against him.

There are several bills of exceptions in the transcript, but no assignment of errors and no argument, written or oral. We will notice the objections presented in the bills of exceptions.

The first is to the ruling of the court refusing to quash the indictment

and permitting the district attorney to amend it by inserting after the words grand jurors the words "of the parish of Rapides." This amendment was not necessary, and the indictment was sufficiently explicit without it, because the name of the parish was stated in a previous part of the indictment, and it need not be repeated in every sentence thereof.

The next objection is to the ruling of the court permitting the district attorney to ask a witness "whether or not he had been a witness in several cases at the last term of the district court," the defendant's counsel contending that this interrogation tended to discredit said witness in a mode not provided by law. This objection was frivolous.

The objection in the last bill of exception is that the judge refused to allow a witness who had stated in behalf of the State an admission of the accused to give all the conversation occurring at the time when cross-examined by the counsel of defendant. The defendant clearly had the right to draw from the witness all the conversation occurring at the time of the alleged admission made by him; but he has no cause to complain, because, after the district attorney had objected, and the court was called to rule on the point, the bill of exception shows the district attorney waived his objection, and the counsel for the accused was requested to interrogate the witness as desired, but he refused to do so, and declared he would not examine the witness further unless the point was ruled on by the judge. There was no cause for this objection.

Judgment affirmed.